# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| RAMONA G., | ) |
| Plaintiff, | ) No. 19 C 1087 |
| v. | ) Magistrate Judge M. David Weisman |
| ANDREW SAUL, Commissioner of Social Security, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Ramona G. brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the Social Security Administration's ("SSA's") decision denying her application for benefits. For the reasons set forth below, the Court reverses the SSA's decision.

## Background

Plaintiff applied for benefits on February 22, 2016, alleging a disability onset date of December 31, 2012. (R. 69-70.) Her application was denied initially and on reconsideration. (R. 78, 88.) Plaintiff requested a hearing before an administrative law judge ("ALJ"), which was held on October 4, 2017. (R. 43-68.) In a decision dated January 11, 2018, the ALJ denied plaintiff's claim. (R. 20-35.) The Appeals Council declined review (R. 7-10), leaving the ALJ's decision as the final decision of the SSA, reviewable by this Court pursuant to 42 U.S.C. § 405(g). *See Villano v. Astrue*, 556 F.3d 558, 561-62 (7th Cir. 2009).

**Discussion**

The Court reviews the ALJ's decision deferentially, affirming if it is supported by "substantial evidence in the record," *i.e.*, "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *White v. Sullivan*, 965 F.2d 133, 136 (7th Cir. 1992) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "Although this standard is generous, it is not entirely uncritical," and the case must be remanded if the "decision lacks evidentiary support." *Steele v. Barnhart*, 290 F.3d 936, 940 (7th Cir. 2002).

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The regulations prescribe a five-part sequential test for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The SSA must consider whether: (1) the claimant has performed any substantial gainful activity during the period for which she claims disability; (2) the claimant has a severe impairment or combination of impairments; (3) the claimant's impairment meets or equals any listed impairment; (4) the claimant retains the residual functional capacity to perform her past relevant work; and (5) the claimant is able to perform any other work existing in significant numbers in the national economy. *Id.*; *Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001).

At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity between her amended alleged onset date[1] and December 31, 2017, her date last insured ("DLI"). (R. 26.) At step two, the ALJ determined that, through her DLI, plaintiff had the severe impairments of "history of degenerative disc disease and stenosis of the lumbar spine, diabetes

---

[1] Plaintiff amended her alleged onset date to February 1, 2015 during the administrative hearing. (R. 46.)

mellitus type II, and obesity." (*Id.*) At step three, the ALJ found that, through her DLI, plaintiff's impairments did not meet or medically equal the severity of a listed impairment. (R. 28.) At step four, the ALJ found that, through her DLI, plaintiff had the residual functional capacity ("RFC") to perform her past relevant work as a small parts assembler, and thus was not disabled. (R. 29, 34.)

Plaintiff argues that the ALJ erred by failing to accommodate the limitations from her wrist tendonitis in the RFC. The ALJ did not include any wrist limitations because she found that plaintiff's tendonitis did not meet the duration requirement necessary to qualify as an "impairment." (R. 27); *see* 20 C.F.R. § 404.1509 (stating that an impairment "must have lasted or must be expected to last for a continuous period of at least 12 months"). The record shows that plaintiff was diagnosed with tendonitis on June 8, 2016 and referred to an orthopedist. (R. 530-32.) However, she did not seek further treatment for her wrist until February 2017, when an orthopedist referred her for physical therapy. (R. 614.) She was discharged from therapy on March 29, 2017:

> Patient has made objective improvements with ROM [range of motion], Strength. These improvements . . . increased [plaintiff's] ability to perform these tasks: Bathing, Cutting food, Dressing: Donning/doffing shirts, coats, Folding laundry, Tying shoes, Washing dishes, Writing/paperwork tasks, Stirring food, Shampooing hair, Squeezing bottles, Overhead reaching. She states that she does continue to have minimal difficulty with opening of tight jars. . . . Patient has reached maximum benefit from therapy.

(R. 638.) The only indication that plaintiff continues to have wrist pain is her own testimony (R. 50-51), which is insufficient, by itself, to establish that she has an impairment. 20 C.F.R. § 404.1529(a) ("[S]tatements about your pain or other symptoms will not alone establish that you are disabled. There must be objective medical evidence from an acceptable medical source that shows you have a medical impairment(s) which could reasonably be expected to produce the pain

3

or other symptoms alleged . . . ."); SSR 16-3p, 2016 WL 1119029, at *4 (Mar. 16, 2016) ("We will not find an individual disabled based on alleged symptoms alone. If there is no medically determinable impairment, or if there is a medically determinable impairment, but the impairment(s) could not reasonably be expected to produce the individual's symptoms, we will not find those symptoms affect the ability to perform work-related activities . . . ."). Thus, the ALJ's failure to incorporate wrist-related limitations in the RFC was not error.

Plaintiff also contends that the ALJ erred by failing to include limitations related to her right leg weakness in the RFC. The ALJ found that plaintiff's "right leg weakness is not a medically determinable impairment under the regulations." (R. 28.) But plaintiff does not argue that it is. Rather, she argues that her leg weakness is a symptom of her back impairment. Thus, the ALJ was required to accommodate that symptom in the RFC, if the record supports it. *Yurt v. Colvin*, 758 F.3d 850, 857 (7th Cir. 2014) ("[T]he ALJ's RFC assessment must incorporate all of the claimant's limitations supported by the medical record."). The evidence pertaining to right leg weakness appears in a physical therapy note dated October 30, 2014, four months before plaintiff's amended alleged onset date, plaintiff's report of her daily activities, and plaintiff's testimony. (R. 53, 212, 286.) Because there is some evidence that supports this alleged symptom, the ALJ should have accommodated it in the RFC or explained why she failed to do so. *See* 20 C.F.R. § 404.1529(c)(2) (stating that an ALJ "will not reject [a claimant's] statements about the intensity and persistence of [her] pain or other symptoms or about the effect [her] symptoms have on [her] ability to work solely because the available objective medical evidence does not substantiate [her] statements").

4

The ALJ's failure to do so was not harmless error. Had the ALJ incorporated a standing/walking limitation in the RFC (and hypothetical questions to the vocational expert), she may have concluded that plaintiff was only capable of performing sedentary work. *See* SSR 83-10, 1983 WL 31251, at *5 (Jan. 1, 1983) (stating that "[j]obs are sedentary if walking and standing are required occasionally and other sedentary criteria are met"). If the ALJ had limited plaintiff to sedentary work, the Medical Vocational Guidelines would have dictated a finding of disabled. *See* 20 C.F.R. pt. 404, subpt. P, App'x 2 § 201.02; (R. 47-48, 66 (testimony that plaintiff has only six years of education, is more than fifty-five years old, and has no transferable skills)). Accordingly, this case must be remanded for reevaluation of the RFC.[2]

## Conclusion

For the reasons set forth above, the Court reverses this case and, pursuant to the fourth sentence of 42 U.S.C. § 405(g), remands it to the SSA for further proceedings consistent with this Memorandum Opinion and Order.

**SO ORDERED.**     **ENTERED: October 23, 2019**

**M. David Weisman**
**United States Magistrate Judge**

---

[2] Because subjective symptom evaluation is bound up with the RFC, the ALJ will have to revisit that issue as well.